■ RONALD VILLANO et al., Doing Business as VILLANO TRUCKING COMPANY, Respondents, v GARY GABLE PROFESSIONAL ADJUSTERS et al., Appellants.—Order unanimously reversed on the law without costs, defendants' motions granted and complaint dismissed. Memorandum: Plaintiffs were the owners of a 1982 Kenworth tractor and a 1982 Great Dane trailer which they had financed through defendant Associates Commercial Corporation (ACC). The tractor trailer was insured by defendant Emmco Insurance Company and ACC was listed as an additional loss payee on the insurance policy between Emmco and plaintiffs. The financing agreement between ACC and plaintiffs provided that plaintiffs assign their rights to any insurance proceeds "up to the amount owing hereunder by" them. The agreement also provided that "Buyer [plaintiffs] directs all insurers to pay such proceeds directly to Seller [ACC]." The financing agreement further contained a provision providing that, in the event of a default, the seller could declare the entire balance due and owing immediately as well as exercise "all of the rights and remedies of the secured party under the Uniform Commercial Code."

On June 11, 1984, the tractor trailer was involved in an accident in Ottawa, Canada. On the date of the accident, plaintiffs were three months in arrears in their payments to ACC. Thereafter, Emmco hired defendant Gary Gable Professional Adjusters to adjust the loss under the insurance contract. Plaintiffs, allegedly on the advice of Gable, brought the tractor to the United States, after which, on June 30, 1984, ACC repossessed it because plaintiffs were four months in arrears on their payments. On July 11, 1984, ACC notified plaintiffs of its intent to auction the tractor. On July 18, 1984, Gable completed its appraisal and on the following day the tractor was auctioned off. At the time of the repossession, plaintiffs owed ACC $47,700.26. The auction sale brought $17,600 and Emmco paid ACC, as additional loss payee, $28,441.58 (the estimated cost of repairs, minus $1,000 deductible).

Plaintiffs thereafter commenced the instant action against all defendants alleging five causes of action: negligence, fraud,

conversion, breach of and interference with contract, and severe emotional distress. Defendants' motions for summary judgment were denied. We reverse.

After plaintiffs' default in payment under the finance agreement, ACC had the right to call the entire balance due and owing. Under both the insurance contract and the financing agreement, ACC was entitled to have any insurance proceeds up to the amount owed by plaintiffs paid directly to it. In addition, it had the right to repossess the tractor and sell it and credit plaintiffs' account with the amount of the proceeds of the sale (UCC 9-503, 9-504). Clearly, Emmco was authorized to pay the proceeds of the insurance policy to ACC, as an additional loss payee of the policy, and also by virtue of plaintiffs having assigned their rights to the insurance proceeds to ACC in the financing agreement. In short, defendants were entitled, either by contract or by law, to do everything they did and plaintiffs have suffered no injury by virtue of defendants' actions.

We make one further observation. Plaintiffs assert a cause of action against Gable for allegedly negligently advising them to reject an offer of settlement of their claim from an insurance company in Canada and bring the tractor to the United States. We first observe that plaintiffs had no contract with Gable and nothing that Gable did affected ACC's rights of possession to the tractor. Moreover, plaintiffs have failed completely to demonstrate that any offer from another insurance company existed, and even if it had and such offer had been accepted, the insurance proceeds would have had to be applied toward repair of the vehicle, because failure to keep the vehicle in good repair would also have been a default under the financing agreement.

Plaintiffs' remaining arguments on appeal are without merit. (Appeals from order of Supreme Court, Monroe County, Patlow, J.—summary judgment.) Present—Doerr, J. P., Denman, Pine, Balio and Davis, JJ.